(3 Misc. Rep. 560.)

## MEYER v. DREYSPRING.

(City Court of New York, General Term.   May 9, 1893.)

1. CONTEMPT—FINE.
    Where one parts with money in violation of an injunction order in supplementary proceedings, his fine for contempt should be limited to the amount transferred.

2. SAME—PROVISIONS OF ORDER.
    A provision in an order adjudging a defendant guilty of contempt of an order in supplementary proceedings, that he shall obtain a reassignment of rights transferred prior to the judgment against him, is unauthorized, as such transfer can be attacked by creditors' bill only.

Appeal from special term.

Action by Henry H. Meyer against Adolphe Dreyspring. From an order adjudging defendant guilty of contempt of an order made in supplementary proceedings, defendant appeals. Modified.

Argued before EHRLICH, C. J., and NEWBURGER, J.

J. Edward Weld, for appellant.
Harold Nathan, for respondent.

EHRLICH, C. J.   The defendant having parted with $60 in violation of the injunction order was subject to a fine for this amount. But beyond this the order made below was unauthorized. The defendant did not have a family depending on him for support, within the meaning of the statutory provision exempting earnings of a judgment debtor, and that feature of the case requires no serious consideration. There was nothing in the case warranting a higher fine than the $60 wrongfully parted with to the prejudice of the judgment creditor.

The provision requiring the debtor to obtain a reassignment of the rights transferred to his son was unauthorized. The transfer had been made prior to the recovery of the judgment, and could be attacked by a creditors' bill only. It follows that the order appealed from must be modified by reducing the fine to $60, and by eliminating the part in respect to the reassignment; and, as modified, the order must be affirmed, without costs. See opinion, in Luedeke v. Coursen, (City Ct. N. Y.) 23 N. Y. Supp. 314, filed herewith.