(86 N. W. Rep. 737.)

---

## Township of Noble *vs.* Ole T. Aasen.

### Opinion filed May 28, 1901.

**Contempt—Change of Judge Not Allowed.**

> Contempt proceedings under Chap. 34 of the Code of Civil Procedure: In proceedings instituted under said chapter, the accused is not, upon filing affidavits showing the prejudice of the presiding judge, entitled to have another judge called in to determine the case; construing § § 5454a, 8120, Rev. Codes 1899. The proceeding is neither a civil nor a criminal action.

**Appeal in Contempt Cases—Statement of the Case—Specification of Particulars.**

> Construing § § 5630, 5954, Rev. Codes 1899: *Held*, that appeals in contempt cases are not governed by § 5630, and the same are governed by § 5954 and by the provisions of Art. 8 of Chap. 10 of the Code of Civil Procedure. *Held*, further, that, in order to review the sufficiency of the evidence, the statement of the case must embrace specifications of particulars showing wherein the evidence is insufficient.

**Interrogatories—Silence Not a Waiver.**

> Section 5942, Rev. Codes 1899, construed. *Held*, that the accused, whether brought into court by order to show cause, or under a warrant of attachment, unless he admits the offense charged, is entitled, under the statute, to have interrogatories filed "specifying the facts and circumstances of the offense charged against him." *Held*, further, that defendant's mere silence and failure to object to the proceedings upon the ground that none have been filed will not waive this statutory right. Whether an express waiver of interrogatories would defeat a conviction had without filing interrogatories is not decided.

**Conviction Reversed for Want of Interrogatories.**

> In the absence of an express waiver of interrogatories an order of conviction will be vacated where none are filed.

**Civil Contempt—Evidence—Damages.**

> Construing § § 5943 and 5944, Rev. Codes 1899: *Held,* that in cases of contempts of a civil nature, where the accused is found guilty of the offense charged, and the offense consists of acts or conduct calculated to defeat, impair, impede, or prejudice the rights or remedies of a party to an action or proceeding, but no actual loss or injury is proved, the court can impose a fine nevertheless, but the same cannot exceed $250 in addition to the costs and expenses of the proceeding. In such case the fine must be paid into the public treasury, and no part of the same can be paid to the moving party. *Held,* further, in cases of civil contempt, where an actual loss has been produced by the commission of the offense, and where the injured party has incurred costs and expense, that the court may order the offender to pay over to the injured party a sufficient sum to indemnify him. But the amount so ordered to be paid over must be ascertained from the evidence, and cannot be fixed arbitrarily at the discretion of the trial court. Accordingly, *held,* that the order in this case is illegal and void, for the reason that the same required the accused to pay over to the plaintiff the sum of $150, which sum was an amount fixed by the trial court arbitrarily, and the same was not based upon testimony showing either an actual loss or the amount of damage suffered, in dollars and cents; nor was there any evidence offered tending to show the amount of the plaintiff's costs or expenses.

Appeal from District Court, Cass County; *Pollock, J.*

Action by the Township of Noble against Ole T. Aasen, in which defendant was adjudged guilty of a civil contempt, and he appeals. Reversed.

*M. A. Hildreth,* for appellant.

Proceedings for the punishment of parties for contempt of court, are criminal in their nature. No presumptions or intendments are indulged in. Statutes regulating the procedure and the power of the court to punish must be strictly construed. *Boyd* v. *State,* 26 N. W. Rep. 925; *Burdick* v. *Marshall,* 8 S. D. 308; Ex parte Hollis, 59 Cal. 405; Ex parte Gould, 21 L. R. A. 751; In re Shortridge, 21 L. R. A. 755; *State* v. *Sweetland,* 54 N. W. Rep. 415; *Hawes* v. *State,* 64 N. W. Rep. 699. No interrogatories were filed in this proceeding as required by § 5942, Rev. Codes. This renders the proceedings absolutely of no effect. *Latimer* v. *Bermore,* 46 N. W. Rep. 4; *Pitt* v. *Davison,* 37 Barb. 98; *Jewett* v. *Deringer,* 27 N. J. Eq. 271, 4 Enc. Pl. & Pr. 796. In contempt proceedings the evidence must prove guilt beyond a reasonable doubt. *Hydock* v. *State,* 80 N. W. Rep. 903; *Passmore* v. *Williamson,* 26 Pa. St. 19; *Haight* v. *Lucia,* 36 Wis. 360; *Boyd* v. *United States,* 116 U. S. 616.

*Morrill & Engerud,* for respondent.

Defendant admits all the facts which plaintiff alleges as a contempt, and an allegation of new matter by way of excuse or avoidance is made. Under such circumstances interrogatories are not re-

quired. § 5942, Rev. Codes; *Pitt* v. *Davidson*, 37 N. Y. 235; *State* v. *Brophy*, 38 Wis. 413; *Smith* v. *Walker*, 66 N. W. Rep. 679; *State* v. *Mathews*, 37 N. H. 450; *State* v. *Ackerman*, 25 N. J. L. 209; *Yates* v. *Lunsing*, 6 Am. Dec. 280, In re Hummell, 9 Watts 416. If interrogatories were proper in this case the appellant is not in a position to urge their omission as error. This is a proceeding for civil contempt—a motion after judgment in the original action. § § 5934, 5937, Rev. Codes. Filing interrogatories is not a jurisdictional step. It is merely an act in the course of the trial after jurisdiction had been acquired. If the trial court for any reason erred in this respect, it was the duty of the party injured to direct attention to the error by proper objection pointing out specifically the alleged error. Failure to do so estops the injured party to complain on appeal. He is deemed to have waived all objections by his silence. *Kolka* v. *Jones*, 6 N. D. 461; *Marshall* v. *Andrews*, 8 N. D. 364; *Braithwaite* v. *Power*, 1 N. D. 455; *Little* v. *Little*, 2 N. D. 175; *Plummer* v. *Supervisors*, 46 Wis. 163; *Hooper* v. *Ry. Co.*, 37 Minn. 52; *Schustu* v. *Carson*, 14 N. W. Rep. 734; *State* v. *Leekman*, 49 N. W. Rep. 3; *Bailey* v. *Ry. Co.*, 3 S. D. 531. Failure to file interrogatories like any other error on the trial is waived unless objected to and cannot be urged for the first time on appeal. In re Nichols, 54 N. Y. 62; In re Chesseman, 8 At. Rep. 513; *Park* v. *Park*, 80 N. Y. 156; *Zimmerman* v. *State*, 64 N. W. Rep. 375; *People* v. *Court*, 147 N. Y. 290, 41 N. E. Rep. 700; *Bramon* v. *Central Bank*, 18 Ga. 361; *King* v. *Barnes*, 113 N. Y. 476, 21 N. E. Rep 182. The sufficiency of the evidence cannot be reviewed by this court on this appeal because the statement of the case does not specify any questions of fact for review nor does it demand a new trial of the entire case. *Security Imp. Co.* v. *Cass County*, 9 N. D. 553, 84 N. W. Rep. 477. If the proceeding is governed by the general statutes permitting review of questions of fact on appeal, appellant has not included in his statement of the case a specification of particulars wherein the evidence is insufficient to justify the decision. § 5467, Rev. Codes; *Banner* v. *French*, 8 N. D. 319. It is plain that the legislature intended that the moving party in contempt proceedings should be compensated for his outlay and trouble, and the amount of such compensation is left to the discretion of the court. § § 5944, 5949, 5950, Rev. Codes. This provision of our laws was taken from New York. Rev. Statutes of New York, § 2248. Under that law in the absence of proof of the amount of the loss or injury the fine is limited to $250.00 and costs. *Whitman* v. *Haines*, 4 N. Y. Supp. 48; *Holly Mfg. Co.* v. *Venner*, 26 N. Y. Supp. 581; *People* v. *Brown*, 46 Hun. 320; *Suidike* v. *Courson*, 23 N. Y. Supp. 314; *Moffat* v. *Herman*, 22 N. E. Rep. 287. Such has been the practice adopted by the courts which were not governed by statutes on the subject. In re North Bloomfield Co., 27 Fed. Rep. 795. The imprisonment clause in the order was proper. The imprisonment mentioned is not any part of the punishment and hence it was not neces-

sary to specify its duration. Whether he will be imprisoned or not depends upon whether he pays the fine. The duration of imprisonment depends entirely upon how long the defendant remains refractory. It could not exceed, however, one day for each $2.00 of fine. § § 5945, 8295, Rev. Codes: *Commonwealth* v. *Perkins,* 16 At. Rep. 525; In re Whitmore, 35 Pac. Rep. 524; Ex parte Bugman, 26 Pac. Rep. 914. The order in the case at bar fully complies with the·requirements of the New York rule. It states the guilt of the defendant. It states in detail the acts which the court found he had done in violation of the judgment. It does not state in express terms that these acts were calculated to or did impede or prejudice plaintiff's right or remedies, but that conclusion is necessarily implied from the facts. It was not necessary to recite the judgment or its terms because that appears of record and the court takes judicial notice of it. Ex parte Ah. Men., 19 Pac. Rep. 380; *Silver* v. *Traverse,* 47 N. W. Rep. 868; *Fisher* v. *Hayes,* 6 Fed. Rep. 63; *Easton* v. *State,* 36 Ala. 551; *Fisher* v. *Raab,* 81 N. Y. 235. The fine under the practice in New York goes to the relator. *King* v. *Flynn,* 37 Hun. 329; *Socialistic Pub. Co.* v. *Kuhn,* 58 N. E. Rep. 649.

WALLIN, C. J. In this proceeding the trial court found that the defendant was guilty of a contempt of court, in this: that the defendant had disregarded and otherwise violated a certain judgment entered in said court in the above entitled action. The proceeding was initiated by an order of the District Court, based upon two affidavits, directing the defendant to show cause on November 7, 1900, before said court, why the defendant "should not be adjudged guilty of contempt, and punished therefor accordingly." The order, with the affidavits, was served upon the defendant; and on the return day named in the order the defendant filed three affidavits with the clerk of the District Court, which the defendant relied upon as a basis for an application to said court to call in another judge to preside in the case. The matter came on to be heard before the District Court on November 8, 1900, counsel for both sides appearing. The record shows that counsel for the plaintiff stated that he appeared in support of an application for an attachment for contempt. The defendant's counsel stated that his appearance in the case was special, and that he claimed that the court could not then proceed to hear the application for an attachment, for the reason that the affidavits filed the previous day set out a state of facts which required the calling in of an outside judge to determine the issues presented. Counsel claimed that he was entitled to have another judge called, under either § 5454a or § 8120 of the Rev. Codes of 1899. This contention of defendant's counsel was overruled, whereupon the court postponed the further hearing of the matter until November 12, 1900. We are clear that the defendant was not entitled to have an outside judge called in to hear this proceeding. The sections of the Code relied upon by defendant, and above cited, have reference either to a civil or criminal action proper, and this

proceeding is neither the one nor the other. If the proceeding is to be regarded as a means of punishing a criminal contempt of court, it must be classed as a summary proceeding of a quasi criminal nature, and hence not a criminal action. *State* v. *Crum*, 7 N. D. 299, 74 N. W. 992. If, on the other hand, the proceeding is to be regarded as a remedy resorted to in the interest of a suitor in a civil action, it must, under the statute, be regarded as a motion made in an action. See Rev. Codes 1899, § 5937. If an attachment is issued in a contempt case, the matter at once becomes an original special proceeding, wherein the state is plaintiff and the accused is defendant.. Id. The application to call in an outside judge was therefore properly denied.

The matter came on to be heard upon the merits on November 12th, at which time the parties were represented by counsel. The defendant filed certain affidavits in opposition to the affidavits filed in support of the motion, and the moving party then introduced certain oral testimony in rebuttal, whereupon the trial court entered its final order in the matter, from which the defendant has appealed to this court. Said order, so far as the same is material, is as follows: "The court finds that the said defendant, Ole T. Aasen, in violation of the terms of the judgment, planted trees and constructed an embankment of manure, straw, and earth below the culvert across the swale or water course mentioned in said judgment, thereby obstructing said water course. It is therefore ordered that said Ole T. Aasen, defendant, be, and he is hereby, adjudged guilty of contempt of this court, and that he pay to the plaintff a fine of one hundred and fifty dollars (which includes the cost); and in default of such payment said defendant will be committed to the jail of Cass county, and there be confined until discharged according to law. It is further ordered that said defendant forthwith remove the obstruction placed in said water course on his land, and restore the same, as near as possible, to its natural condition. Let judgment be entered accordingly." To this order an exception was saved. A statement of the case was settled, which embodies all the affidavits and evidence upon which said final order was made; and the statement also embraces exceptions to the findings of fact upon which the conviction is predicated, and also specifies a list of alleged errors of law. The statement contains no demand for a trial anew in this court either of the entire case or of any fact in the case.

Upon this record it is contended here that this court is without authority either to try the entire case anew, or any issue of fact in the case; and the further contention is made that, on account of an alleged insufficiency of the specifications in the statement, this court cannot, under the statute, proceed to inquire whether the findings of facts are justified by the evidence. These contentions of counsel present important questions of procedure, which have never before been passed upon by this court in a contempt case; and, with a view of settling the practice in such cases, it becomes necessary to put

a construction upon § 5954 of the Rev. Codes of 1895, which is as. follows: "Appeals may be taken to the Supreme Court from any final order adjudging the accused guilty of contempt and upon such appeal the Supreme Court may review all the proceedings had and affidavits and other proof introduced by or against the accused. For the purpose of reviewing questions as to the sufficiency of the evidence a statement of the case may be prepared and settled within the time and in the manner provided in Article 8 of Chap. 10 of this Code. Such appeal shall be taken, except as in this section otherwise provided in the manner prescribed in Chap. 14 of this Code."

We remark first that in the absence of legislation it is very difficult to determine upon authority precisely what matters may be considered by a court of review in passing upon a conviction for contempt of court committed in an inferior tribunal. See 4 Enc. Pl. & Prac. p. 809. In the light of this conflict of authority, we may safely say that the. section of the Rev. Codes above quoted was primarily intended to settle the question in this state, and that the same is disposed of by the declaration that "upon such appeal the Supreme Court may review all the proceedings had and affidavits and other proofs introduced by or against the accused." But in what form are the evidence and the procedure had and taken in the court below to be presented to this court? The statute furnishes an answer. It declares: "For the purposes of reviewing questions as to the sufficiency of the evidence a statement of the case may be prepared and settled within the time and in the manner provided in Article 8 of Chap. 10 of this Code." The article referred to defines a statement of the case, and prescribes the time and manner of its preparation, and includes a careful enumeration of the elements entering into the same. A statement may contain the whole evidence, or a part thereof. It may embrace specification of errors of law, or of particulars in which the evidence is insufficient to justify findings of fact. In brief, the article referred to in § 5954 is pointed out as the particular law which governs the preparation of a statement in all contempt cases arising under Chap. 33, Code of Civ. Proc., in which the appellant desires the Supreme Court to review questions "as to the sufficiency of the evidence." In such cases, therefore, where a review of the evidence is sought, the statement must specify "the particulars in which the evidence is alleged to be insufficient to justify the decision." Section 5630 does not apply in contempt cases. This is obvious, first, from the fact that a contempt matter, whether civil or criminal, is not an action, in the proper sense of that term; neither is it a proceeding in which an issue of fact is necessarily joined, although such issues may be joined in a contempt case. Nor is there any language in the statute regulating the procedure in contempt cases which directs this court to retry any issue of fact anew. This court has frequently held, in construing § 5630, supra, that it derives its authority to sit as a trial court solely from that section, and that it will refuse to try any case anew which does

not fall within the provisions of that section. The decision in the case at bar does not, however, turn upon any question as to the sufficiency of the evidence, and therefore we shall refrain from any discussion as to the sufficiency of the specifications embodied in the statement, and relating to the evidence.

Reverting to the record, the fact is developed that no interrogatories were ever filed in this case as prescribed by § 5942 of the Rev. Codes of 1895, and counsel for appellant strenuously contends that this omission is fatal to the conviction of the accused. Respondent's counsel combats this proposition by the argument that the omission to file interrogatories is a mere irregularity of procedure, and that the same is entirely cured by the omission of the accused to demand that interrogatories be filed, and by his further neglect to take an exception in the court below based upon such omission. The record shows no demand for interrogatories, and no exception based upon the failure of the trial court to cause the same to be filed. Counsel for the respondent claims that the accused practically admitted the "offense charged," and hence, under § 5942, no interrogatories were required. But, in our opinion, the record effectually refutes this claim. The first affidavit filed by the accused (that relating to calling in another judge), contained the statement that the accused had read the affidavits which embraced the grounds of the charge, and then proceeded to say that the accused "denies the same, and each and every part thereof"; and again, in the defendant's counter affidavit filed upon the merits at the commencement of the trial, the accused avers (referring to the affidavits of the plaintiff) "that he knows the contents of each and both of them, and that he denies the same, and each and every allegation and statement therein made and contained, except as herein specifically admitted." It is true that this denial was qualified, and further true that the accused proceeded to set out his version of the facts and matters set out in plaintiff's affidavits, and in so doing admitted or modified and explained some particular features of the charge against him. But he nowhere "admitted" the commission of the offense charged, but, on the contrary combatted the idea of his guilt with much vigor in the court below, and continues to do so in this court. There is no claim made that the defendant ever "admitted the offense charged," in terms. The question, therefore, is this: Did the defendant, by failing to demand interrogatories or to take exceptions to the proceedings against him, upon the ground that none were filed, waive this irregularity in procedure? Section 5942 is as follows: "When the accused is produced by virtue of a warrant, or appears upon the return of a warrant, or of an order to show cause the court or judge must, unless the accused admits the offense charged, cause interrogatories to be filed, specifying the facts and circumstances of the offense charged against him. The accused must make a written answer thereto under oath within such reasonable time as the court or judge allows therefor and either party may produce affidavits or

other proof contradicting or corroborating any answer. Upon the original affidavits, the answer, and subsequent proofs the court or judge must determine whether the accused has committed the offense charged." The authorities bearing upon the matter of filing interrogatories in contempt cases, while very numerous, are by no means uniform in their holdings. At the common law they were indispensable in all contempt cases, except where the commission of the offense was admitted; and when the answer of the accused squarely met and denied the subject matter of the interrogatories such answers were conclusive, and no further evidence could be received. In courts of equity, however, the answers were never conclusive. See 4 Enc. Pl. & Prac. 7956. In this state the statute has followed the chancery rule with respect to allowing the parties to offer proofs after the accused has answered the interrogatories required to be filed, and also has adopted the rule of the common law courts to the effect that interrogatories must be filed in all cases except where the offense is admitted. The section of the Code of this state last cited, while it is very similar to a section of the statute of New York is not identical with the New York enactment. In this state interrogatories are required to be filed as well where the accused is cited into court on an order to show cause as in cases where an attachment issues, and the defendant is arrested or appears pursuant to a warrant of attachment. In the state of New York interrogatories are not required by the statute where the accused appears in response to an order to show cause. See § 5942, supra, also 2 Stover's N. Y. Ann. Code, § § 2273, 2280. See, also, *People* v. *Pendleton,* 64 N. Y. 622. As has been said, respondent's counsel contends that the filing of interrogatories is a mere irregularity, and that the same has been waived by the defendant. Counsel cite the following cases in support of this contention: In re Nichols, 54 N. Y. 62; In re Cheeseman, (N. J. Sup.) 6 Atl. 513; *Park* v. *Park,* 80 N. Y. 156; *People* v. *Court of Sessions of Albany Co.,* 147 N. Y. 290, 41 N. E. 700; *King* v. *Barnes,* 113 N. Y. 477, 21 N. E. 182. In 54 N. Y. 62, an order to show cause for an attachment was served on the accused. On the return day the matter was heard without objection, and a reference was ordered to take testimony and report the same to the court. This was done, and after a further hearing in court the accused was found guilty of contempt, no attachment ever issued, and the court held that, the matter having been fully litigated on the merits, it was too late to raise the point that no attachment had issued. The matter of filing interrogatories was not referred to in the majority opinion. Two judges dissented, and held that the accused was entitled to have an attachment issue, and before conviction was entitled to have interrogatories filed. We think the reasoning of the dissenting judges was sound, but in no aspect is this case an authority sustaining the respondent's contention. Nor, in our view, is the New Jersey case (In re Cheeseman) very much in point. In that case the court was not governed by a statute. True,

it was a contempt case, but the procedure was controlled by rules of court; and these, it would seem, were little regarded, and were frequently disregarded, either in whole or in part. The court say (page 517, 6 Atl.) : "But the practice has not been uniform. Sometimes a rule to show cause has been allowed without an affidavit, on a mere suggestion. Sometimes an attachment has issued without a rule to show cause." Again : "The penalty has been imposed on the offender's admissions made under the original rule, without either writ or interrogatories." It is therefore apparent that the practice in courts of chancery in the state of New Jersey is of little value to the courts of this state in construing the language of a carefully framed statute, which was evidently intended to cure irregularities and correct abuses of practice which have grown up in other jurisdictions. In *Park* v. *Park* the matter of interrogatories is not referred to in the opinion, and this is also true of the case of *People* v. *Court of Sessions of Albany Co.,* and *King* v. *Barnes,* supra. On the other hand, there is authority holding that the filing of interrogatories in cases arising under statutes which are practically identical with that above quoted from the Code of this state is essential, and that their omission is fatal to a conviction under the statute. In Michigan there is a similar statute. See 2 How. Ann. St. § 7275. Construing this statute the Supreme Court of Michigan held that the omission to file interrogatories was an irregularity calling for a reversal. See *Latimer* v. *Barmore,* 81 Mich. 592, 46 N. W. 1; also *Pitt* v. *Davison,* 37 Barb. 97. The case of *Jewett* v. *Dringer,* 27 N. J. Eq. 271, is somewhat in point, as illustrative of the importance of interrogatories in this class of cases even in that state.

But in this new state where as yet no uniform practice has grown up in the trial courts, and where this court is unhampered by precedents of its own making, we deem it to be an imperative duty to place such construction upon the legislation in this state governing the procedure in contempt cases as will meet and carry out the manifest purpose of the lawmaker. Section 5942 deals with and disposes of many features of the procedure in this class of cases about which the courts of this country have not been in accord. Its language is unambiguous, and covers all cases arising under Chap. 34 of the Code of Civil Procedure. Nor does this section discriminate between cases where the accused is cited into court by an order to show cause, and those where a warrant of attachment is issued. In either case, "unless the accused admits the offense charged," the court or judge must "cause interrogatories to be filed specifying the facts and circumstances of the offense charged." This requirement of the statute is mandatory in form, and it devolves upon the judge presiding a definite duty. When interrogatories are filed, and not before then, the defendant is required to "make written answers thereto under oath," and for this purpose he is allowed a reasonable time, to be fixed by the court. When issues are framed by filing answers to meet interrogatories, the statute declares that "either party may produce affidavits or other proof contradicting or corrob-

orating any answer." In deciding the case the court is required to consider, in addition to the original affidavits, the answers and other proofs submitted upon the issues made by such answers. The facts relied upon as constituting the offense of contempt of court may be few or many, and they may be submitted in one or in many affidavits; but the plainest principles of justice demand that the defendant should, before interposing his defense, be confronted with an accusation setting forth concisely the facts and circumstances constituting the offense charged. This rule is sustained by a great preponderance of authority, and this court has expressly recognized it in the case of *State* v. *Root,* 5 N. D. 487, 67 N. W. 590. This right is guaranteed by the statute from which we have quoted. It requires the court or judge not only to cause interrogatories to be filed but the same, when filed, must specify "the facts and circumstances of the offense charged." This is substantially the same requirement as that made in the statute governing informations and indictments in criminal actions. See § 8040, Rev. Codes 1899. This requirement is but just, and the necessity for it, in our judgment, is quite as important in trials for contempt of court as in other cases where criminal penalties are imposed. The offense is criminal with respect to its punishment, while the procedure is summary and does not embrace many of the safeguards—including that of a jury trial—which are secured to defendants in criminal actions proper. As to the nature of this offense, see the following cases: *City of New Orleans* v. *Steamship Co.,* 20 Wall. 387, 22 L. Ed. 354, and cases cited in *State* v. *Markuson,* 5 N. D. 147, 64 N. W. 934. Our conclusion upon this feature of the case is that the mere silence of the accused should not operate to waive the right secured to him by statute to have the facts and circumstances of the offense charged set out by interrogatories placed on file. In our judgment, the omission is fatal to the conviction, and we shall so rule. In the present case it is not necessary to decide whether, in a litigated case, a conviction could be sustained where the accused expressly waived the filing of interrogatories. But it must be understood that what we have said in this case must be limited to cases properly triable under Chap. 34 of the Code of Civil Procedure. Some cases may be governed by special provisions of the statute. See § 7605, Rev. Codes 1899.

But there is another feature of the case appearing in the record which in itself will require a reversal of the conviction. It appears distinctly upon the face of the order of conviction that this proceeding was regarded as a civil contempt in the court below, and was not instituted primarily to vindicate the authority of the law or the dignity of the court. The theory of the prosecution is that the acts of the accused, as set out in the affidavits of the plaintiff, are such as are calculated to, and did, defeat, impair, impede, or prejudice the rights of the plaintiff, as the same are set forth in the judgment previously entered in the civil action out of which this proceeding has

grown. The essence of the offense consists in the alleged disregard and violation of the mandate of the original judgment. The case, therefore, must be governed by § § 5943 and 5944 of the Rev. Codes of 1899. Section 5944 reads: "If an actual loss or injury has been produced to any party by the misconduct alleged, the court or judge shall order a sufficient sum to be paid by the offender to such party to indemnify him and to satisfy his costs and expenses instead of imposing a fine upon the accused; and in such case the payment and acceptance of such sum shall be an absolute bar to any action by the aggrieved party to recover damages for such injury or loss. When no such actual injury or loss has been produced the fine shall not exceed two hundred and fifty dollars over and above the costs and expenses of the proceeding. A corporation may be fined as. prescribed in this section." The two sections cited, when read together, divide civil contempts into two classes, viz. those where it is proper to impose a fine as a punishment for contempt of the authority of the court; and, second, those where no fine can be imposed, but in lieu thereof the court is required to "order a sufficient sum to be paid by the offender to such party to indemnify him and to satisfy his costs and expenses." In the present case the sum of $150 (which includes the costs) was required to be paid over by the defendant to the plaintiff. It is true that the defendant was, in terms, required to "pay to the plaintiff a fine." But this language, in our judgment, does not change the essential nature of the adjudication. The money was not to be paid into the public treasury and hence it was not a fine, in legal contemplation. Hence, under the statute of this state, the term "fine" is a misnomer in the connection in which it is found in the order of conviction. It is conceded the record discloses the fact that no testimony was offered at the trial touching the amount of the pecuniary damages resulting to the plaintiff from the acts of the accused which are set out as a basis of this proceeding, nor was testimony offered showing the amounts of plaintiff's costs or expenses. The court was therefore not advised by the evidence what sum of money would be adequate to indemnify the plaintiff for its injuries or for its costs or expenses. Upon such a state of evidence, if the defendant was guilty of any contempt of court, it was the duty of the trial court to have imposed a fine, under the authority found in the last sentence but one of § 5944. Under the evidence, no power was vested in the court to enter an order directing the accused to pay any particular sum over to plaintiff. The sum directed to be paid over necessarily represented an amount which the trial court fixed arbitrarily as an amount which would, in the opinion of the court, indemnify the plaintiff for his injuries. In our opinion, the law of this state does not, in contempt proceedings, permit sums of money in amounts arbitrarily fixed by the court to be paid over by one suitor to another under the compulsion of an order of court. The amount to be paid over must in some way be ascertained judicially, and this means that the same must be ascertained by a consid-

eration of testimony bearing upon the matter. It is true that an exact measure in money in cases of unliquidated damages is difficult to find, but this difficulty is met in all cases where suit is brought for unliquidated damages. Counsel for respondent cites § § 5944, 5949 and 5950 in support of his contention that it was the legislative purpose, in contempt proceedings, to compensate the moving party for his "outlay and trouble, and the amount of such compensation is left to the discretion of the court." Sections 5949 and 5950 have reference only to civil actions brought upon undertakings given in contempt proceedings, and hence are not in point. Such actions are based upon obligations to pay a specified sum. Nor do these sections provide that the moving party shall receive any sum for indemnity in excess of the amount of his proved loss, with costs and expenses added. Counsel cite § 2284 of Stover's N. Y. Ann. Code, supra, and argues that the provisions of the Code of this state above cited are substantially the same. To this proposition we cannot assent. The Code of this state omits some important language found in § 2284. The sections from the Rev. Code were so framed as to accentuate the distinction between cases where an actual loss is shown and those where none is shown. We have read the cases cited by respondent's counsel on this feature of the case, and we think they fail entirely to sustain his contention. Besides, the language we have quoted from our Code is plain, and needs no aid from rules of construction to make its meaning clear. But see *Coal Co.* v. *Hecksher,* 42 Hun. 535; *Manufacturing Co.* v. *Venner,* (Sup.) 26 N. Y. Supp. 581; *Meyer* v. *Dreyspring,* (City Ct. N. Y.) 23 N. Y. Supp. 315, and cases cited; *King* v. *Flynn,* 37 Hun. 329. All of the cases cited support the rule that, where there is an actual loss occasioned by the acts of the contemnor, the amount thereof must be ascertained by proof, and that the court cannot fix such amount without proof. But, as has been stated, the Code of this state is quite clear and unambiguous in this regard, and the same differs in important particulars from the Code of New York. It follows from what has been said that the order of conviction which is appealed from must be reversed. It will be so ordered. All the judges concurring.