(74 N. W. Rep. 995.)

---

THE STATE OF NORTH DAKOTA *vs.* TAYLOR CRUM.

Opinion filed April 15th, 1898.

**Criminal Contempt—Evidence—Procedure.**

> An order of conviction for a criminal contempt committed in open court examined, and the order, procedure, and conviction sustained.

**Not a Criminal Prosecution.**

> *Held,* further, that such a proceeding is highly summary in character, and is not a prosecution, within the meaning of § 97, Art. 4, of the Constitution of the State.

Appeal from District Court, Cass County; *Pollock*, J.

Taylor Crum was convicted of criminal contempt, and appeals. Affirmed.

*J. E. Robinson*, *S. G. Roberts*, *Ida M. Crum*, and *Taylor Crum*, for appellants.

This proceeding was a criminal prosecution within the meaning of section 97, article 4 constitution, and should be carried on in the name and by the authorty of the State of North Dakota. *State* v. *Hazledahl*, 2 N. D. 521; *Cox* v. *State*, 8 Tex. App. 254, 34 Am. Rep. 746; *Lemons* v. *Peo.*, 6 Am. Rep. 293; *Nicholas* v. *State*, 35 Wis. 308; *Williams* v. *State*, 27 Wis. 402; *Lopez* v. *Peo.*, 19 Mo. 244. The court proceeded against appellant without making the order required by section 5935, Revised Codes, and was therefore without jurisdiction to pronounce judgment. *State* v. *Root*, 6 N. D. 494. Penal statutes are strictly construed in favor of the accused. Suth. on St. Cr. 208; Black on Int. 295; 1 Bish. New. Cr. Pr. § 89. The attempt to correct the proceedings and sentence *nunc pro tunc* after appeal taken were without authority of law. *Witte's Estate* v. *Ledarer*, 73 N. W. Rep. 664. The judge had no right to order appellant to leave the court room and not to further participate in the trial of the case in which he was engaged. *State* v. *Root*, 5 N. D. 505; *State* v. *Goode*, 44 Pac. Rep. 640; *Ex parte Gardner*, 39 Pac. Rep. 570; *Bird* v. *Gilbert*, 19 Pac. Rep. 924. It is not contempt to disobey an order which the judge has no jurisdiction to make. *State* v. *Davis*, 2 N. D. 472; *State* v. *Milligan*, 28 Pac. Rep. 370; *Ex parte Gardner*, 39 Pac. Rep. 570; *In re Kowalsky*, 35 Pac. Rep. 77; *Lester* v. *Peo.*, 23 N. E. Rep. 387; *Ex parte Fisk*, 113 U. S. 713; *In re Ayres*, 123 U. S. 443; *In re Sawyer*, 124 U. S. 200; *Brennan* v. *Gaston*, 17 Cal. 375; *Peo.* v. *O'Neill*, 47 Cal. 109; *Ex parte Rickleton*, 51 Cal. 316. It has been the rule for courts to deal gently with counsel who have uttered hasty and disrespectful remarks under excitement and without premeditation, when a prompt retraction of his acts and words accompanied by a proper apology are duly tendered by the offender. *St. Clair* v. *Pratt–Wright*, (Ohio,) 532; *In re Brown*, 4 Pac. Rep. 1085; *Peo.* v. *Green*, 3 Pac. Rep. 65, 3 Pac. Rep. 374; *Peo.* v. *Green*, 13 Pac. Rep. 514–528; *In re Lambuth*, 51 Pac. Rep. 1071; *Ex parte Bradley*, 7 Wall. 364; *Bradley* v. *Fisher*, 13 Wall. 335.

*Fred B. Morrill,* for respondent.

It is the duty of the court to maintain order and decorum in the court room, and it has the power so to do even to the extent of ordering a person from the court room. *In re Naegle,* 5 L. R. A. 79; *Beloin* v. *Richmond,* 1 L. R. A. 807; *State ex rel Leftwich* v. *District Court,* 42 N. W. Rep. 598; *Smith* v. *Waalkes,* 66 N. W. Rep. 679; 3 Am. and Eng. Enc. L. 799. One guilty of contempt in the presence of the court may be forthwith condemned without process of any kind. *Langdon* v. *Judges,* 43 N. W. Rep. 310; *State* v. *Henthorn,* 47 Kan. 771; *Middlebrook* v. *State,* 43 Conn. 257; *Bates Case,* 55 N. H. 325; *In re Terry,* 128 U. S. 289; 32 L. Ed. 405; *In re Savin,* 131 U. S. 267; 33 L. Ed. 150; *Baker* v. *State,* 4 L. R. A. 128; *In re Cartwright,* 114 Mass. 230; 4 Enc. Pl. and Pr. 775. Court had power to amend the title of the case *nunc pro tunc. Freeman* v. *City,* 66 N. W. Rep. 928; *State* v. *Knight,* 54 N. W. Rep. 412; *State v. Mitchell,* 52 N. W. Rep. 1052; 4 Enc. Pl. and Pr. 772–3.

WALLIN, J. The record in this case shows that on the 5th day of November, A. D. 1897, in a summary proceeding the defendant was adjudged guilty of a criminal contempt committed in open court, and was sentenced to pay a fine, and be imprisoned in the county jail. From the order of the District Court imposing this sentence, the defendant has appealed to this court.

On November 6, 1897, and while the defendant was in jail pursuant to such conviction and sentence, his attorney appeared before said District Court, and upon certain affidavits made in that behalf moved in that court for an order remitting said fine and discharging the defendant from custody, and further asked that, if defendant was not then and there discharged and exonerated, he be accorded a reconsideration of the subject matter of the contempt. This application was denied, and from the order denying the same the defendant, by his notice of appeal, has attempted to bring such order into this court for review. On said November 6th an appeal to this court was perfected, and subsequent thereto,

and on Decenber 23, 1897, and before the record was transmitted to this court, the District Court made a certain order, which we find in the record, which reads: "It appearing that the papers heretofore filed in the above case by accident omitted the word 'the' from the title, it is now ordered that the said title be amended throughout, *nunc pro tunc*, as of date December 5, 1897, so that the same shall read as follows: '*The State of North Dakota, Plaintiff,* vs. *Taylor Crum, Defendant.*'" To this order defendant excepted, and the same is assigned as error here. A statement of the case was settled, and the proceeding is now before this court for its final disposition. From the recitals found in the record, we can readily gather the facts which must control our decision of the case, and these may be condensed as follows: Ida M. Crum, an attorney-at-law, and the wife of the defendant, had been appointed by the District Court to defend a party accused of a crime. This occurred on November 2, 1897. At her request, the hearing was continued until the 4th of November. When the case was called for trial, the court, at the request of Ida M. Crum, permitted the defendant, Taylor Crum, to come into the case as an assistant counsel for the accused. The trial proceeded, and in the afternoon Taylor Crum in the course of the trial, called a certain witness a "crook." For applying this epithet to the witness the District Court then and there fined Taylor Crum the sum of five dollars as for a contempt of court, and at the time said fine was imposed the court plainly said to the defendant "that he could not have anything more to do with that case, and directed that Mrs. Crum be called, and assume charge of the case." The further hearing of said criminal action was postponed until 2 o'clock P. M. of the 5th day of November, at which hour Ida M. Crum appeared, and made her summing up argument to the jury, and at the same time "the said Taylor Crum appeared, and took his seat at the trial table." Soon after, —quoting from the record,—"said Taylor Crum began to interrupt the proceedings of the court, and directed that certain things be done in reference to the case, and the court thereupon

at once suggested to counsel that he had forgotten the order of the day previous, to which suggestion the counselor remarked that he had not forgotten it, and immediately thereafter the counselor again interrupted the proceedings of the court, and the court then directed that the counselor remain quiet, at which time the counselor began his proceedings in contempt in the way of talking back to the court, and assuming certain positions of defiance to the court upon the court room floor; whereupon the court directed Mr. Crum to leave the room. The order being disobeyed, the sheriff was ordered to remove him from the room; at which time, while in the custody of the sheriff, in being removed from the room, the especial contempt, namely, calling the court a "contemptible cur," and stating that he "had the court where he wanted him, and that he would settle with him outside," occurred. It appears that the District Court took immediate notice of said language and defiant conduct of the defendant,— the same having occurred in open court, and in the presence and hearing of the court while sitting to try said criminal action,—and then and there orally required said Taylor Crum to give any reasons he might desire to give why the judgment of the court should not then and there be pronounced against him for the contempt of court involved in said conduct and language, and the court then reiterated to the defendant in terms what particular conduct and language the court referred to. Responding to this suggestion of the trial court, the defendant at once made a statement in *extenso*, which statement covers six pages of the settled case. We deem it unnecessary to set out this statement at length, and shall simply say that in the statement the accused fully admits the fact of using the contemptuous language we have set out above, and nowhere attempts to deny the facts of the occurrence which we have extracted from the settled case, and quoted in this opinion. The defendant, in terms, apologized to the court for so much of the alleged contempt as consisted of the language used in court, and the epithets applied to the presiding judge of the court, but did not offer any apology for his

disobedience of the orders of the court, nor for his resistance and defiant attitude when ordered to leave the court room. The statement, as a whole, was an argument wherein the defendant sought to demonstrate that the court was without jurisdiction or lawful authority to direct the defendant to sever his relation with the criminal case on trial, as was done, or to order him to leave the court room when he assumed, in defiance of such order, to take an active part as an attorney in the case, and, finally, was without lawful authority, when he (defendant) defiantly assumed that he would not obey such order, to direct the sheriff to remove him from the court room. It appears, therefore, that this case is not embarrassed by any controverted facts. It follows, therefore, if the facts as stated (when said and done in open court, and in its immediate view and presence) constitute a criminal contempt, our duty is to affirm the order of conviction.

We have no difficulty in reaching the conclusion that the record shows that the defendant was guilty of such contempt. If we were to concede that it was an unwise exercise of judicial discretion on the part of the District Court, under the facts of this case, to direct the accused to sever his relations with the criminal case, and later to enforce obedience to such order when the defendant, by his demeanor and conduct, undertook to defy the same, our conclusion would be the same. It is unnecessary to determine in such a case as this whether the undoubted discretion vested in the trial court was or was not wisely exercised. The crucial question is one of power, and there can be no doubt that a trial court possesses the power to maintain order and require the observance of decorum during the trial of a case. In the case at bar the court below, as we are bound to presume, was endeavoring faithfully to discharge this duty. To accomplish these purposes, the court made the several orders which were made; and, having made the orders, and brought them home to the knowledge of the defendant, it at once became the duty of the defendant as an attorney-at-law, to respectfully conform to such orders, and to abstain wholly from violating the same. It was neither time nor

place then and there in open court, and in the presence of the
jury and spectators, to quibble and wage a personal controversy
with the court, and determine then and there a nice point perhaps
concerning the propriety of exercising an undeniable judicial
discretion vested in all courts. The order was of such a direct
character that it left but one proper course open to the defendant.
His plain duty was to obey it in respectful silence. His actual
attitude was that of defiance carried to the extreme of resisting
an officer, and accompanied by language addressed to the presid
ing judge which was grossly offesive and contemptuous in the
extreme. In a case like this we are not at liberty to nicely
weigh and criticise the several orders of the District Court, the
enforcement of which was made the occasion for the commission
of a flagrant contempt of court. The propriety of such orders
was a matter to be determined by the District Court in the light
of the practical situation as it appeared to that court at the time.
In this court, in this class of cases, we can consider only the
broad question of power. That the power exists to make the
orders in question, no enlightened court can question. Such
power is indispensable to the administration of the law, and the
exercise of such power was contemplated by the people when, by
their constitution, they created courts, and conferred upon them
general jurisdiction in both law and equity. The law governing
this case is neither new nor novel. On the contrary, it is very
elementary law, and we need cite no authority to sustain the
views we have advanced. In the cases cited below, the nature of
a court's authority to punish contempts, and the circumstances
under which it may be exercised to preserve order and decorum
in court, are fully illustrated. *Langdon* v. *Judges*, (Mich.) 43 N.
W. Rep. 310; *Middlebrook* v. *State*, 43 Conn. 257; *Bates' Case*, 55
N. H. 625; *In re Terry*, 128 U. S. 289, 9 Sup. Ct. 77. See collec-
tion of cases in *Baker* v. *State*, (Ga.) 4 Lawy. Rep. Ann. 128
(s. c. 9 S. E. Rep. 743.)

Regarding questions of procedure which are called to our

attention, we need say but little. First, we are clear that the statute allowing an appeal in this class of cases to defendant's only does not give an appeal from any order whatsoever, made in the court below, save only the order of conviction and sentence.

See Revised Codes, § 5954; also *Myrick* v. *McCabe*, 5 N. D. 422, 67 N. W. Rep. 143. Under this ruling we cannot review the order refusing to grant a reconsideration from which the defendant has sought to appeal to this court. It was argued here that the affidavits upon which the motion for a reconsideration was based embraced one affidavit made by the defendant, in which he has fully apologized to the District Court for his obnoxious conduct, and upon which apology the offense should have been condoned by the trial court. Concerning this we need only say that an apology, when it is full and sincere, may sometimes operate, when made to the court against whose authority the offense was committed, to cause that court to modify or remit its penalties. But whether an apology shall so operate in a given case is a question addressed solely to the clemency of the court in which the offense was committed, and it is never the province of a court of review to re-examine and pass upon the sufficiency of any such apology.

It appears that the title of the proceeding in the court below, so far as it was entitled, lacked the definite article "The" as a prefix to the words "State of North Dakota." This was sought to be amended by an order of the District Court, made after the appeal had been perfected. This order is criticized and denounced as error. We think the point is immaterial in any aspect. In the first place, the title of the action before it was sought to be amended sufficiently indicated that the matter was being carried on in the name and by the authority of the state. The omission of the word "The" from the title is a matter which goes entirely to the form, and is not substantial. But we hold further that the brief mode of punishing a criminal contempt when committed in *facie curiæ*, as laid down in the statute, or as it existed at common law, is not a criminal prosecution of a

character which is contemplated in section 97 of article 4 of the state constitution. True, a summary contempt proceeding is, speaking generally, of a *quasi* criminal character; but when the offense is committed under the immediate observation of the court, while sitting in the discharge of judicial functions, it is not punished through the medium of a criminal action or prosecution. There is in such cases no process whereby the accused is arrested and brought into court, for he is already in court, nor is there any criminal accusation in writing to which he is required to plead; nor is there any issue joined to be supported by evidence. The only record needed or which should be made in offenses of this class is the order which contains the conviction and sentence, which order must embrace a statement of the facts constituting the offense, and reciting that the same occurred in the immediate view and presence of the court; and such order must further set out the punishment which the court inflicts for the offense. See Rev. Codes, § 5935; *State* v. *Root*, 5 N. D. 487, 67 N. W. Rep. 590. It is obvious that the procedure in this class of cases differs widely from all cases, criminal or *quasi* criminal, in which there is an issue formed, and evidence offered. *State* v. *Mitchell*, 3 S. D. 223, 52 N. W. Rep. 1052. See, also, upon the point that the mere title in contempt proceeding is unimportant, 4 Enc. Pl. and Prac. pp. 772, 774. Finding no substantial error in the record, our conclusion is that the order of conviction herein must be affirmed. All the judges concurring.