(86 N. W. Rep. 356.)

---

STATE *ex rel* FRED B. MORRILL *vs.* MELVINA MASSEY.

Opinion filed May 29, 1901.

**Criminal Contempt—Procedure.**

> Criminal contempt proceedings, construing sections 7605, 5942, Rev. Codes 1899. *Held,* that the procedure in contempt trials, as laid down in section 5942, does not govern in cases arising under the statute relating to intoxicating liquors. The latter trials are governed by the special proceedings, as prescribed in section 7605.

### Order in Contempt—Appealable.

Any final order in a contempt case, which adjudges that the defendant is guilty, is appealable to this court, under section 5954, Rev. Codes 1899.

### Statement of Case—Review of Evidence.

On such appeal, where a review of the evidence is sought, a statement of the case must be settled as in jury cases, but this court in such cases sits as a court of review for the correction of errors.

### Newman Law Not Applicable.

Section 5630 of the Revised Codes of 1895 has no application to any contempt case, and this court cannot sit in such cases to try the case anew.

### Conviction Sustained.

Evidence examined, and *held*, that the record embraces competent evidence legally tending to sustain the conviction, and hence the conviction is sustained.

Appeal from District Court, Cass County; *Pollock*, J.

Contempt proceedings by the State of North Dakota, on the relation of Fred B. Morrill, state's attorney, against Melvina Massey. From a judgment of conviction, defendant appeals.

Affirmed.

*J. W. Tilly*, for appellant.

*Emerson H. Smith*, State's Atty., and *Geo. W. Newton*, Asst. State's Atty., for respondent.

WALLIN, C. J. This is a contempt proceeding arising under § 7605, of the Rev. Codes of 1899. The record shows that appellant, after a trial in the District Court, was convicted of the offense of a criminal contempt of court, and was sentenced to confinement in the penitentiary for a period of one year. From such judgment defendant has appealed to this court. The record contains a statement of the case embracing the evidence and proceedings had in the trial court. A trial anew in this court, under § 5630, Rev. Codes 1895, is demanded in the statement; but such trial cannot be accorded. Section 5630 governs the proceedings in a civil action tried in the District Court without a jury, and has no reference to a proceeding instituted to punish a criminal contempt of court. Such proceedings are summary criminal proceedings, and are in no sense civil actions. See *Noble Tp.* v. *Aasen*, ( N. D.) 86 N. W. 742. Nor does the fact that a proceeding instituted to punish a criminal contempt, which arises out of a violation of an injunction issued in a civil action, change the character of the proceeding. In the absence of a statute authorizing appeals in criminal contempt cases, no appeal will lie. Such was the rule at common law. *Tyler* v. *Connolly*, 65 Cal. 28, 2 Pac. 414. But in this state, under the statute, any final order of conviction in a contempt case may be reviewed in the Supreme Court. Section 5954, Rev. Codes 1899. On appeal this court is authorized to review all the proceedings and

evidence, but the statute confers no authority upon this court to try the proceeding anew, and, without express authority to sit as a trial court, the functions of this court, as an appellate tribunal, are limited to a review of the record for the correction of errors.

The section authorizing an appeal in contempt cases provides for the settlement of a statement of the case, as in jury cases, and where a review of the evidence is sought the appellant is required to specify particulars wherein the evidence is deemed to be insufficient. In this case proper specifications are inserted in the statement, and hence the evidence is before this court for review as to its sufficiency to sustain the conviction. Sitting merely as a court for the review of errors, our inquiries will be limited, as to matters of fact, to the question whether there is competent evidence in the record which tends to establish the guilt of the accused. To this inquiry we shall be compelled to give an affirmative answer.

Appellant was charged with the offense of contempt of court in this: that she violated an injunctional order issued in this action, and served upon her, on the 8th day of January, 1898. The injunctional order contains a description of a certain city lot situated in the city of Fargo, and the appellant, her agents, servants, clerks, and employes, were by the terms of the order restrained and enjoined, during the pendency of the action, and until the further order of the court, from using, or permitting to be used, said lot, or the buildings situated thereon, as a place where intoxicating liquors are or may be sold, bartered, or given away as a beverage, or as a place where persons are or may be permitted to resort for the purpose of drinking intoxicating liquors. The record discloses the fact that prior to the commencement of the present contempt proceeding, but subsequent to the service of said injunctional order upon the appellant, and on the 30th day of December, 1898, the appellant was arraigned in the trial court, and was then and there convicted of the offense of contempt of court, and such offense, as in the present proceeding, consisted of a violation of the terms of said injunctional order. In the present case the appellant was convicted on the 26th day of June, 1900, and the sentence imposed was that prescribed by § 7605, Rev. Codes, 1899, for a second offense. The fact of a former conviction is not disputed, and the same is in no manner challenged by counsel. The sole contention in this court is that the evidence is insufficient to support the conviction. Every member of this court has read the evidence with care, and we are unanimously agreed that the record embraces competent evidence reasonably tending to support the charge. As before stated, this court in this class of cases does not sit as a trial court, and hence our duty is limited to a review only for the correction of errors. We recognize the fact that the punishment inflicted, especially for a second offense, is very severe, but this is a matter which appeals only to legislative discretion. The fact of the severity of the punishment in cases arising under the prohibitory liquor law, while it should

operate to make the trial court doubly careful in weighing the testimony adduced in such cases, does not operate to change the rule governing this court when sitting only as a court of review. The rule in this class of offenses is not different from that which governs in criminal actions proper, where the accused is found guilty by a jury. ·Moreover, we are of the opinion that in this class of cases, where the evidence is squarely conflicting, much weight should be given to the conclusions reached by the trial court upon questions of fact. That court sees the witnesses, and observes their manner of testifying and demeanor while on the stand. This great advantage in sifting evidence and arriving at the truth we do not have.

In this case no question of practice is raised, but we deem it advisable to call attention to the fact that the procedure in this class of criminal contempts is governed by the special provisions found in § 7605, Rev. Codes 1899, and hence the general procedure as laid down in § 5942, Id., is not applicable. See *Noble Tp.* v. *Aasen*, 10 N. D. —, 86 N. W. Rep. 742. The judgment will be affirmed. All the judges concurring.