THE STATE OF NORTH DAKOTA, EX REL MARY HARVEY V. GEORGE W. NEWTON AND ANNA NEWTON, DEFENDANTS, AND GEORGE W. NEWTON, APPELLANT.

Opinion filed April 30th, 1907.

**Contempt — Affidavit Upon Information and Belief.**

    1. An affidavit upon information and belief is insufficient upon which to base constructive contempt proceedings, and the court acquires no jurisdiction thereunder to issue an attachment for contempt.

**Same — Want of Jurisdiction — Waiver.**

    2. Defendant does not waive such want of jurisdiction by pleading guilty to the charge thus insufficiently alleged.

Appeal from District Court, Williams County; Goss, J.

Proceedings by the state, on the relation of Mary Harvey against George W. Newton. From the judgment adjudging defendant guilty, he appeals.

Reversed.

*Palda & Burke* and *W. S. Lauder,* for appellant.

Affidavit in contempt proceedings must be distinct and positive, not upon information and belief. State v. Root, 5 N. D. 487, 67 N. W. 590; State v. Crum, 7 N. D. 299, 74 N. W. 992; Township of Noble v. Aasen, 10 N. D. 264, 86 N. W. 742; Kaeppler v. Red River Bank, 8 N. D. 406, 79 N. W. 869; State v. McGahey, 12 N. D. 535, 97 N. W. 865; Freeman v. City of Huron et al., 66 N. W. 928; Ludden v. State, 48 N. W. 61; Herdmann v. State, 74 N. W. 1097; Whitten v. State, 36 Ind. 196; McConnell v. State, 46 Ind. 298; State v. Sweetland, 54 N. W. 415; Thomas v. People, 23 Pac. 326; Parkhurst v. Kinsman, 2 Blatchf. 76 Fed. ' Cases No. 10759; Sargeant v. Warren, 22 Wky. Dig. 473.

The proceeding is criminal and must be carried on in the name and by authority of the state. Township of Noble v. Aasen, supra; State v. Root, supra; State v. Crum, supra; Kaeppler v. Bank, supra; State ex rel. Edwards v. Davis, supra; Haight v. Lucia and another, 36 Wis. 355; Cook et al. v. People, 16 Ill. 534; Beattie v. People, 33 Ill. App. 651; Rawson v. Rawson, 35 Ill. App. 505; Arnold v. Com., 80 Ky. 300; Nelson v. Ewell, 2 Swan Tenn. 271.

*Van R. Brown,* state's attorney.

Defendant having appeared and plead guilty cannot object to the jurisdiction of his person. Caspar v. State, 27 Ohio St. 572; State v. Knowles, 34 Kans. 393.

Contempt proceedings are characterized by the absence of formal pleadings. Bank v. Buck, 60 Ill. 105; Holman v. State, 105 Ind. 513.

FISK, J.    This appeal brings up for review a final order of the district court of Williams county, made on March 29, 1905, adjudging the appellant guilty of a criminal contempt, and sentencing him to imprisonment in the county jail for the period of 90 days and to pay a fine in the sum of $200 and costs.  The alleged contempt consisted in violating a certain perpetual injunction, theretofore issued by such district court, restraining appellant from maintaining a liquor nuisance upon certain premises in the city of Williston. The offense being a constructive contempt, the proceedings were instituted by the issuance of an order for the arrest of appellant and requiring him to show cause why he should not be adjudged guilty of contempt and punished accordingly.  Such order was based solely upon an affidavit made by the state's attorney of Williams county, which affidavit, after reciting the proceedings in the action brought to abate such nuisance, including the issuance of the injunctional order therein and the entry of final judgment, enjoining the appellant from further maintaining such liquor nuisance, contains numerous statements, wholly upon information and belief, tending to prove a violation by appellant of such injunctional order and judgment.

That the portion of the affidavit charging, or attempting to charge, a violation thereof, is merely upon information and belief, is, we think, too clear for any doubt.  It reads as follows:  "Affiant further says that to his best knowledge, information and belief, the said Geo. W. Newton has disobeyed, violated and disregarded said injunctional order and mandate of court herein, in this, to wit:  First. That on divers days and on divers times between the ninth day of September, A. D. 1901, and the date hereof, the said George W. Newton  did, upon the said premises hereinbefore described, the same being the premises described in said injunctional order of the court, and the said judgment of court, and in the building located thereon known as Newton's 'Saloon' or Newton's 'pig' kept and maintained a place where on said days, and at said times, intoxi-

cating liquors were sold, bartered and given away as a beverage to various and divers persons by the said George W. Newton and by his lessees, agents, employes and servants. Second. That since the 9th day of September, A. D. 1901, the said George W. Newton has erected or permitted to be erected on the said premises hereinbefore described, additions to said building, and that, as affiant is informed and believes, the said George W. Newton has maintained and permitted to be maintained in said building and additions, a place where intoxicating liquors were sold, bartered, and given away, as a beverage, to various and divers persons by the said George W. Newton, his lessees, agents, employes, and servants. Third. That the defendant has, since the granting of said injunction, on the 9th day of September, A. D. 1901, in the drug store on the said property, sold intoxicating liquors as a beverage to various and sundry persons without a druggist's permit and contrary to the laws of the state of North Dakota regarding the sale of intoxicating liquors, under such a permit. Affiant further states that on the said days, and at the said times, the said George W. Newton did personally and by his lessees, agents, employes and servants, use the said described lots 10 and the N. ½ of lot 11, in block 11, of the town of Williston, N. D., and various buildings or parts of buildings situate thereon as a place for keeping for sale as a beverage, intoxicating liquors, without the authority of a druggist's permit as required by law and against the laws of the state of North Dakota relating to the sale of intoxicating liquors under a druggist's permit."

To hold that the latter sentence is a positive statement, and not on information and belief, we must say that it is not a part of subdivision third, and we must construe the same as having no relation or connection therewith, or with the language immediately preceding the first subdivision. It will be noticed that the facts stated in this last sentence are practically the same as those stated in the second subdivision, yet it cannot be contended that the second subdivision is other than on information and belief. Furthermore, respondent's attorney, who made the affidavit, in effect concedes both in his brief and oral argument that it is entirely upon information and belief; his contention being that defendant by his plea of guilty waived such defect.

Upon the return of the order to show cause, the appellant, in open court, not being represented by counsel, although informed of his right thereto, pleaded guilty to the numerous charges set forth in

such affidavit, and was thereupon sentenced by the court as above stated. A few days thereafter, appellant, by his attorney, in open court, moved to vacate such sentence, upon the ground that the same was void for want of jurisdiction in the court to enter it, and upon other grounds unnecessary to mention, which motion was denied, and this appeal is prosecuted to reverse such orders. Numerous grounds are stated by appellant why such orders should be reversed; but the principal ground relied upon in oral argument, and the only one which we deem necessary to mention at any length, is the insufficiency of the affidavit upon which such contempt proceedings were based.

The law is well settled in this state, by repeated decisions of this court, that an affidavit upon information and belief is wholly insufficient upon which to base constructive criminal contempt proceedings, and that no jurisdiction is acquired thereunder. (State v. McGahey et al., 12 N. D. 535, 97 N. W. 865; Kaeppler v. Bank, 8 N. D. 411, 79 N. W. 869; State v. Root, 5 N. D. 494, 67 N. W. 590; 57 Am. St. Rep. 568), and such is the established rule in other states. (Ludden v. State, 48 N. W. 61, 31 Neb. 429; Swart v. Kimball, 43 Mich. 451, 5 N. W. 635; Freeman v. City of Huron, 8 S. D. 435, 66 N. W. 928; Thomas v. People, 14 Colo. 254, 23 Pac. 326, 9 L. R. A. 569; Young v. Cannon, 2 Utah, 560; Herdman v. State, 54 Neb. 626, 74 N. W. 1097; Batchelder v. Moore, 42 Cal. 412; State v. Sweetland, 54 N. W. 415, 3 S. D. 503). It would serve no useful purpose to reiterate the reasons for this rule, as given in the foregoing authorities. Suffice it to say that we fully approve the previous utterances of this court upon this question. Moreover, the code (section 9374, Rev. Codes 1905), governing proceedings for contempt under the so-called prohibition law of this state, expressly requires that the affidavit upon which the attachment for contempt issues shall make a prima facie case for the state. This language is clear and explicit, and needs no judicial construction to ascertain its meaning; but we quote briefly from the opinion of Bartholomew, C. J., in Kaeppler v. Bank, supra, as follows: As the application for the arrest is an ex parte proceeding, and as it is in derogation of personal liberty, the least that can be required is that the applicant make an undoubted prima facie case. Upon well-settled, general principles, this cannot be done, in the absence of statutory sanction, by an affidavit based upon information and belief, for the very evident reason that such affidavit is not competent evidence.

It is merely hearsay. If the affiant were on the stand, he would not be permitted to testify to any such matter, and he certainly will be equally restricted in an ex parte affidavit, where he is subjected to no cross-examination; and so are the authorities."

It follows that the court acquired no jurisdiction to arrest the appellant for the alleged contempt, and had no jurisdiction to inflict the punishment complained of, unless the appellant by pleading guilty, as he did, has waived his right to allege such want of jurisdiction. Respondent's counsel contends that: "Appellant cannot now be heard to object to the form and sufficiency of the affidavit, as he has not pleaded guilty to an affidavit, the affidavit being only a part of the evidence which caused the court to issue the order of arrest, and also that appellant pleaded guilty to contempt of court, which plea, when voluntarily entered, without objection, precludes any consideration of the evidence, and left the court no alternative, except to sentence the person so pleading."—citing Holman v. State, 105 Ind. 513, 5 N. E. 556. This case is not in point, as it was a direct contempt; that is, a contempt committed in the presence of the court, which was there involved. In such contempts no formal accusation is required. State v. Root, 5 N. D. 487, 67 N. W. 590, 57 Am. St. Rep. 568; State v. Crum, 7 N. D. 299, 74 N. W. 992. Counsel is mistaken in asserting that the affidavit was only a part of the evidence upon which the court issued the order of arrest. It was the only evidence that any contempt had been committed, and it constituted the only justification for the issuance of the warrant and the order to show cause. It was the only formal accusation against the defendant. That such an accusation is indispensable in cases of contempts not committed in the presence of the court is established in State v. Root, 5 N. D. 487, 67 N. W. 590, 57 Am. St. Rep. 568, wherein it is stated: "Where, however, as in the case at bar, the fact of the commission of the offense is not within the personal observation of the judicial officer presiding over the court, it becomes necessary to bring the facts before the court by a formal accusation. This is done at common law and under the statute by an affidavit. 4 Enc. Pl. & Pr. 776, and notes. Where this course is pursued, the affidavit at once assumes great importance, as it is not only the foundation for issuing the order to show cause (Rev. Codes 1905, section 5936), but also constitutes—and this is its most important office—the accusation upon which the accused is to be tried for a criminal offense. Under the modern authorities, at least, the suffi-

ciency of such accusation is to be tested by the rules governing the framing of indictments and informations. All the material facts and essential ingredients of the offense are required to be set out by distinct and positive averments; nor can any essential allegation be supplied by implication."

It is therefore the settled law in this state that, in constructive criminal contempt proceedings, a formal accusation is essential, and that such accusation takes the place of an indictment or information in a criminal case, and must be tested by the same rules applicable to indictments and informations. We take it to be equally well settled by the foregoing authorities that such an accusation must state the facts tending to show defendant's guilt by positive averments, and that a statement of such facts on information and belief renders such accusation a mere nullity, and confers no jurisdiction upon the court to entertain the contempt proceedings or to render judgment therein. Counsel's contention is therefore without merit. The fallacy of his argument, evidently, consists in his mistaken idea as to the office of the affidavit. It is the criminal accusation against the defendant, and is not to be treated merely as evidence, as counsel seems to believe. His proposition, then, amounts to this: That because appellant pleaded guilty to a criminal accusation, and failed to object to the jurisdiction of the court until after sentence was pronounced, he thereby forever waived such want of jurisdiction. It is our opinion that, by his plea of guilty, he admitted only such allegations of the charge as were legally alleged, and that, instead of moving thereafter in the court below, as he did, to vacate such order, it being the final determination in the contempt proceedings, he had a right to appeal therefrom, and to urge such jurisdictional defect for the first time in this court. Such defect was fatal to the jurisdiction of the court, and could not be waived by defendant. This is elementary.

·It is a well-settled rule in criminal cases, and they are, in our opinion, strictly analogous to this case, that by pleading guilty the defendant merely admits the truth of the facts well pleaded in the accusation against him, and that after such a plea he may take advantage of the insufficiency of the accusation, and, if it charges no offense it may be subsequently attacked on such grounds, even in the Supreme Court for the first time. 12 Enc. 353, and cases cited; 1 Bishop Crim. Procedure, section 795; Fletcher v. State, 12 Ark. 169; State v. Levy, 119 Mo. 434, 24 S. W. 1026; Moore v. State,

53 Neb. 831, 74 N. W. 319; Crow v. State, 6 Tex. 334; State v. Watson, 41 La. Ann. 598, 7 South. 125; Republic of Hawaii v. Ah Cheon, 10 Hawaiian Rep. 469. Mr. Bishop, in his work on Criminal Procedure, above cited, states the rule as follows: "The effect of this plea is a record admission of whatever is well alleged in the indictment. If the latter be insufficient, it confesses nothing." In Fletcher v. State, it is said: "But the attorney general submits that, inasmuch as the defendants below pleaded guilty in the circuit court, they thereby waived all objections to the indictment. The law has been long settled otherwise. No confession, however large and explicit, can have any such effect. 1 Chitty on Crim. Law, pages 431, 662, 663. The defendants here but confess themselves guilty in manner and form as charged against them in the indictment, and, if no offense against the law is charged, they have not confessed themselves guilty of any; but if the confession was still broader, and embraced a crime, when the indictment fell short of it, and punishment followed, it would be the punishment of a crime not proceeded for by indictment." In State v. Levy, we quote as follows: "The attorney general contends that defendants, having pleaded guilty, are in no position to question the correctness of the proceedings which resulted as aforesaid. But this is a mistake. The effect of such a plea only amounts to an admission by record of the truth of whatever is sufficiently alleged in the indictment, and no confession, however large and explicit, will prevent a defendant from taking advantage of faults apparent of record. If no crime is charged in the indictment, then none is confessed by pleading guilty thereto. Numerous decisions of this court attest that a party defendant in a criminal case may take advantage of a material defect apparent of record, though such point be raised for the first time in this court. McGee v. State, 8 Mo. 495; State v. Van Matre, 49 Mo. 268; State v. Vaughn, 26 Mo. 29; State v. Meyers, 99 Mo. 107, 12 S. W. 516; 1 Bish. on Crim. Procedure, sections 1368, 1370." In Moore v. State, supra, the Supreme Court of Nebraska took occasion to say: "A suggestion made in the argument, and reflected in several places in the state's brief, is that the plea admitted the moral guilt of the defendant, and, to quote the last sentence of the brief, 'having pleaded guilty to all the charges of the information, this court may well hesitate before reversing his plea, and say he is not guilty, after he has said he is guilty.' Surely the attorney general cannot mean to contend that, because the defendant has by his

plea admitted the facts charged, and therefore a moral delinquency, he should be punished, even if the law does not denounce these facts as a criminal offense. The question before us is not one of moral delinquency, but simply whether the facts charged in the information constitute a crime under the laws of this state. Defendant stands·in no worse position, in this respect, than he would on a demurrer to the information, which would, for the purposes of the proceeding, involve the same admission." In State v. Watson, it is said: "The state alleges that the plea of guilty cured all the defects in the indictment.    *    *    *    By a plea of guilty, the defendant confesses himself guilty in manner and form as charged in the indictment, and, if the indictment charges no offense against the law, none is confessed. 1. Whart. Crim. Law, section 532." Hawaii, through its Supreme Court, has held likewise. We quote: "The defendant was charged with embezzlement, and pleaded guilty. Defendant claimed that no offense was charged upon which judgment could be entered.    *    *    *    It is unnecessary to cite authorities to the effect that a plea of guilty only confesses an offense which is properly and sufficiently charged; and, if no offense be charged, then no conviction can be had or sentence passed, for the law is well established." See, also, Commonwealth v. Mahoney, 115 Mass. 151.

Appellant attempted not only to appeal from the final order, but also from the order thereafter made, refusing to vacate such final order. Such latter order was not appealable. State v. Crum, 7 N. D. 306, 74 N. W. 992. Under the code, an appeal is permitted only from the final order, adjudging the accused guilty of contempt. State v. Massey, 10 N. D. 154, 86 N. W. 225; State v. Crum, 7 N. D. 306, 74 N. W. 992; Rev. Codes 1905, section 7573.

The final order appealed from is reversed, and the district court directed to dismiss such proceedings.

MORGAN, C. J., concurs.

SPALDING, J. (dissenting). Not having heard the arguments in this case, I am very loath to dissent from the opinion of my associates, but I am impelled to do so by reason of the importance of the principle involved in this decision.

My reasons for dissenting will be stated as briefly as possible. My learned associate, who writes the opinion expressing the judgment of the majority of this court, feels very certain that the affidavit on which the proceedings were commenced is wholly upon information

and belief. Were it not for the fact stated in his opinion that counsel for state on argument, conceded this point, I should be equally certain that one paragraph of the affidavit referred to was stated in positive terms. This would appear clear to me by the context of the last portion of paragraph 3 in said affidavit, beginning with the words: "Affiant further states that on said days," etc. In the printed brief, and in the original record, a very considerable space is left between the first portion of the third paragraph and the part referred to, and likewise between this part and the fourth paragraph, and the affidavit continues in the fourth paragraph expressly on "information and belief," which leads me to think that that part of the third paragraph referred to was fully intended to be a positive statement. However, for the reasons stated above, I shall not discuss this phase of the question, or base my opinion thereon.

The majority opinion says that the law is well settled in this state, by repeated decisions of this court, that an affidavit on information and belief is wholly insufficient on which to base constructive criminal contempt proceedings, and refers to several cases which are cited to establish this doctrine. Whatever should be the construction of our statute, which provides that proceedings may be commenced upon affidavit, I cannot concede that this court has established any such doctrine in the cases referred to. The statutory requirements were different, or the statements were dicta. State v. McGahey et al., 12 N. D. 535, 97 N. W. 865, was a proceeding against the defendant for contempt in resisting a lawful order or precept of the court, namely, a search warrant, and the question considered was as to the sufficiency of the affidavit on which the search warrant was issued. The statute regarding the issuance of search warrants in an action for abatement of liquor nuisances requires such affidavit to state or show that intoxicating liquor, particularly describing it, is kept for sale, or is sold, bartered, or given away on the premises, particularly desccribing the place where such nuisance is located, and it will be seen that this requirement is much more exacting than the requirements regarding the affidavit on which contempt proceedings are based, and is made so to comply with the Constitution as relating to search warrants. Const. N. D., section 18. The alleged contempt in the McGahey case consisted, it was attempted to be charged, in willfully resisting the execution of a search warrant, and in willfully resisting the sheriff in making search of the premises. Interrogatories were filed and answered,

no other testimony was taken, and the resistance occurred before the defendant was made aware by the sheriff that he was armed with, or attempting to execute, a search warrant, and while the sheriff seemed to be a trespasser; and the court held, in view of these facts, that resistance was not willful, and that the act shown therefore did not come within the definition of the statute. The statute in point in that case only permits the granting of an injunction, such as it was claimed had been violated, upon the affidavit or complaint of the representative of the state on "information and belief," when an affidavit or affidavits of other persons making the required showing had been presented to such representative on which he might base his affidavit. No such requirement is contained in the statute regarding contempt proceedings. Hence the Mc-Gahey case and the case at bar are not parallel. In Kaeppler v. Bank, 8 N. D. 411, 79 N. W. 869, the plaintiff was arrested in insolvency proceedings, the warrant being issued on an affidavit made on "information and belief." The section of the statute which it was maintained justified the issuance of the warrant or arrest on an affidavit made on "information and belief," in specific terms requires such affidavit to state the facts upon which the information and belief are founded, which that affidavit failed to do. Hence the affidavit in that case clearly failed to comply with the requirements of that statute. In State v. Root, 5 N. D. 487, 67 N. W. 590, 57 Am. St. Rep. 568, no question regarding the sufficiency of the affidavit on which the contempt proceedings were based was involved. The judge of the district court refused to recognize the defendant to make an objection to the jurisdiction of the court, and punished him as for contempt, and also disbarred him in the same proceeding and the case was reversed principally on these grounds. It is true that the learned judge who wrote the opinion in that case injected some remarks into his discussion of the law indicating that affidavits in contempt proceedings should be made positively; but no such question was before the court. The affidavits in that case were positive.

It is true that in some states the courts have expressly held that an affidavit on which to base contempt proceedings is insufficient, if made on "information and belief;" but, generally there is little or no discussion of the question in the opinions, and the case cited in the majority opinion from 42 California is not in point, as I shall show later by citations of other California cases.

The sentence in our statute referred to, as requiring that the affidavit on which the attachment for contempt issues shall make a prima facie case for the state, does not, in my opinion, bear the construction placed upon it by my associate. It would rather appear to indicate that the affidavit may be used in place of other testimony to make out a prima facie case. In other words, that nothing but the affidavit, if it adequately states the facts for that purpose, is necessary to constitute a prima facie case and place the burden upon the defendant. I cite a few of the opinions to the effect that an affidavit on "information and belief" on a statute similar to ours, is adequate. In Washington, the statute required that contempts not committed in the presence of the court be shown to the court by affidavit, and the Supreme Court of that state held, in State v. Nicoll, 40 Wash. 517, 82 Pac. 895, that, where an affidavit in contempt proceedings against certain parties alleged a violation of an order of the court by them after advising with an attorney, and upon the hearing such attorney admitted that he advised the violation of the order, the court had jurisdiction to order such attorney made a party to the proceedings, without filing any new affidavit. In re Cheeseman, 49 N. J. Law 115, 6 Atl. 513, 60 Am. Rep. 596, is found a most instructive discussion of the principles involved in constructive contempt proceedings. The defendant was charged with contempt of court, and, among other things, it was contended that the proceedings of the court should be annulled because there was no affidavit of the facts as a foundation for the rule to show cause, and the court held that such affidavit is not jurisdictional, except to the extent of bringing before the court matters which constitute a contempt, and affording the parties accused a fair opportunity of denying or confessing their truth, and the court says: "In the present case, the appellant, on the return of the rule to show cause, filed his affidavit declaring the truth of all matter alleged in the rule as the basis for its allowance, and, although the consideration of the cause was adjourned from term to term, yet the appellant never intimated that an affidavit should have been presented before the rule was granted, or that he was entitled to have attachment issued or interrogatories filed, or that the rule should be discharged for want thereof; and, even after the sentence was pronounced, he obtained leave to amend his affidavit, but did not complain of any irregularity or illegality in the proceedings. Under these circumstances, the objection now made cannot be sustained." Telegram, etc., Co. v.

Commonwealth, 172 Mass. 294, 52 N. E. 445, 44 L. R. A. 159, 70 Am. St. Rep. 280, was a contempt proceeding. A summons was made and issued by the court of its own motion without complaint, and the court held that, when the contemptuous matter comes in any manner to the attention of the court, the court can, of its own motion, institute proceedings for contempt, and that no formal complaint is necessary. The court says such a power is necessary for the court's own protection against the improper administration of justice, and that, if the act interferes with the due administration of justice in a case before the court, the contempt is analogous to a contempt committed in the presence of the court. Jordan v. Circuit Court, 69 Iowa 177, 28 N. W. 548, reports a contempt proceeding for violating an injunction, and the sufficiency of the affidavit was in question, and the court held that when the statute required the filing of an affidavit showing the nature of the transaction, inasmuch as the statute did not expressly provide that the affidavit should show that the person making it had personal knowledge of the facts, it was compliance with the statute without showing this. In Golden Gate Mining Co. v. Superior Court, 65 Cal. 187, 3 Pac. 628, the petitioner had been adjudged guilty of contempt, and it was contended that as the affidavits on which the order to show cause were based were made wholly on "information and belief," and as the contempt (disobeying an injunction) had been committed out of the presence of the court, the court had not acquired jurisdiction, and the Supreme Court of California held that the jurisdiction of the court in such case does not depend upon the form of the affidavit which sets the proceeding in motion, and says: "An order to show cause was issued and served, and defendant had an opportunity to appear and answer any contempt charged against him. The omissions in the affidivit upon which the order was made may have been irregularities, but the commitment was not based upon the affidavits, but upon the testimony of witnesses, etc., on the return day of the order to show cause."

In the case at bar the commitment was not based on the affidavit of the prosecuting attorney, but upon the solemn admissions, and the request of the defendant, made and entered in the records of the district court on the return day of the order to show cause. From these cases it appears that some very respectable courts have held, on statutes in most cases identical with ours, that an affidavit stating the facts on "information and belief" is adequate to give the court

jurisdiction. But, in my opinion, a much stronger ground for holding that the district court had jurisdiction in the case at bar is found in the waiver of the defendant. To understand this, perhaps a further statement of the facts may be necessary. When this contempt proceeding was instituted, the injunction in the main proceedings was still in force. It was a proceeding in equity. The court already had jurisdiction of the subject matter, if not of the person of the defendant, and all that was necessary to enable the court to set its machinery in operation, to determine whether the defendant had committed a contempt, was to have the court's attention called to the facts constituting the contempt, and I am in no sense certain that any method of doing so, satisfactory to the court, would be inadequate; but, in any event, the court issued this order on the defendant to show cause. With it was included an order to the sheriff to attach the person of the defendant and admit him to bail pending the return. The sheriff served the order to show cause upon the defendant personally within the county. He did not execute that part of the order directing the attachment of the person of the defendant, so, in effect, the order returned was simply a direction to the defendant to show cause on the day named why he should not be punished for contempt of court in disobeying the injunction in the proceeding named.

This left the proceedings with precisely the same standing as though no order of attachment had been issued, but simply an order to show cause. The defendant appeared voluntarily on the return day. The court filed with the clerk 16 written interrogatories, and called the matter for hearing. The record discloses that the defendant then appeared in person, and in response to the court's inquiry stated openly to the court that he had decided to plead guilty to the charges made in the affidavits and attachment and order to show cause, and to the charge of wilful disobedience to the order of that court theretofore made, enjoining and restraining him from selling intoxicating liquors unlawfully, and keeping the same for sale unlawfully, or keeping a place where persons resort for the purpose of drinking intoxicating liquor as a beverage contrary to law. The court advised him of the right to an attorney, and the defendant replied to this advice that he did not care for an attorney, that he had thought the matter over, and understood the charge and the law in regard to the matter, and desired to plead guilty to the charge, namely, criminal contempt of an order of said court, and the record continues: "Said defendant did accordingly plead guilty, which plea

was accepted by the court, and the order entered by the court."
On inquiry of the defendant, if he had any legal cause or reason to
offer why sentence of the court under said criminal contempt and
because thereof should not be immediately at that time and place
passed upon him, he replied that he had none, and that he had no
objection to the passing of sentence at that time by the court pur-
suant to said plea of guilty. The court thereupon pronounced sen-
tence.

It would seem that by this proceeding the defendant, if any ir-
regularities had existed in the method of calling the attention of the
court in the first instance to his disobedience of the court's orders,
had waived such irregularities, and the authorities are ample to sup-
port this view. I cite only a few: In People ex rel. Brooklyn Indus-
trial Ass'n v. Kearney, 21 How. Prac. (N. Y.) 74, an attachment
was issued against one Kearney, who appeared on the return day,
when interrogatories were filed, and an adjournment granted to
afford him an opportunity to answer, which he did. Further inter-
rogatories were filed and answered after a second adjournment, to
give him an opportunity to do so. During the proceedings no ob-
jection was made by the defendant that he had not been served by
a copy of the judgment of the court which he was charged with dis-
obeying, and the court holds that, inasmuch as the defendant had
seen fit to acquiesce in the irregularity of the attachment, and took
his first objection at the hearing, after answering the interrogatories,
his objection came too late. In Illinois it is held that, where the
party charged with contempt comes into court and asks time to an-
swer, and enters into a recognizance to appear and abide by the de-
cision of the court, he waives all objections as to the manner of being
brought into court. People v. Pearsons, 3 Scam. (Ill.) 270. In
State v. Falk, 46 Kan. 498, 26 Pac. 1023, the record shows that the
information nowhere shows who had knowledge of any of the of-
fenses charged, and that it was not supported by oath or affirmation
of any one, and that no statement of any witness was filed with
the information. No motion was made to quash the information or
warrant, and the court held that these objections were waived by
the defendant in pleading guilty. This identical point was before
the court of appeals in New York, and is reported in People v. Court,
147 N. Y. 295, 41 N. E. 701, where it was said: "The court un-
doubtedly obtained jurisdiction of appellants when they appeared be-
fore it and were charged with contempt. The only office of the or-

der to show cause was to bring them before the court, and, if it was issued on an insufficient affidavit, they must now be deemed to have waived the defect by their personal appearance and answer." In State v. Knowles et al., 34 Kan. 393, 8 Pac. 861, the defendants pleaded guilty, and then filed a motion in arrest of judgment on the ground that the facts stated in the complaint did not constitute a public offense, and the court says: "Counsel, however, omits one important matter in his argument. No motion was made in the case under consideration in 'the district court to quash or amend the complaint. So far as criminal pleading is concerned, few cases remain in which motions in arrest of judgment can reach. Technical errors in a pleading cannot be considered by a motion in arrest of judgment after a verdict or plea of guilty. Therefore, any errors as to the form of complaint or information, which might have been taken advantage of by a previous suggestion, are not a sufficient cause, and after a verdict or plea of guilty, to arrest judgment. * * * Where an averment which is necessary to support a particular part of a complaint or information filed in a criminal case is imperfectly stated, or is stated in very general terms, a verdict or plea of guilty cures the defect or averment, although the averment might have been bad on demurrer or motion to quash." And the court then defines what the plea of guilty admitted. In that case it admitted the ownership and occupation of the premises affected, and it admitted the acts which were claimed to be imperfectly stated.

In this case the plea of guilty admitted that the defendant had wilfully disobeyed the order of the court, enjoining him from making certain use of the premises described, and no amount of testimony offered could have made the case against him stronger. The statute requiring an affidavit is but an affirmation of the practice at common law, and contempt proceedings under the prohibition law, so called, have already been held by this court not subject to the rules by which other contempt proceedings are governed. State v. Massey, 10 N. D. 154, 86 N. W. 225. In State v. Sarratt, 14 Rich. Law, 29, the Supreme Court of South Carolina had under consideration a case where a warrant was issued where no indictment had been found. The defendant appeared and defended, and the court says: "Suppose that for this and other reasons the bench warrant was irregular and void, it would follow that his arrest under that warrant was unlawful; that his recognizance, if he gave one, might be impeached for duress, and that his counsel might have moved for his

discharge from arrest and recognizance; but his counsel appeared and pleaded, and he was present and made defense. Nothing which preceded could destroy the effect of this acknowledgment of the jurisdiction of the court over his person in his case." This statement is approved by the same court in Ex parte Keeler, 23 S. E. 865, 45 S. C. 537, 31 L. R. A. 678, 55 Am. St. Rep. 795, as late as 1896. See, also, Ex Parte Acock, 84 Cal. 50, 23 Pac. 1029, and In re. Cheeseman, supra. The Supreme Court of California also holds squarely that, where a party appears and files an answer to the rule to show cause in contempt proceedings, the court acquires full jurisdiction over his person as well as the subject matter. In re Cohen et al., 5 Cal. 494. In Emery v. State, 111 N. W. 374, in an opinion filed March 21, 1907, the Supreme Court of Nebraska says that "This defect (verifying an affidavit on which the defendant was prosecuted for contempt on information and belief), if it be such, was waived, for we find the accused made no objection to the complaint, but filed his answer of 'not guilty' together with a general denial, and immediately announced his readiness to proceed to trial," and raised objection to the complaint for the first time on motion for a new trial. If further citation of authorities is necessary, we need not look beyond the decision of this court which, expressing its opinion in State ex rel. Poul v. McLain, 13 N. D. 368, 102 N. W. 407, through Judge Engerud, said: "If the defendant had made seasonable objection to the proceedings upon this ground (that the complaint was stated and verified on information and belief) the objection would have been sustained; but the provision in question being a provision designed for the protection of the person sought to be arrested, he has it in his power to waive its protection. By voluntarily furnishing bail without objection, and seeking and obtaining repeated continuances and a change of venue, it is perfectly clear that he has most emphatically waived any objection he had to the institution of the proceedings without a sufficient showing of probable cause." The above quoted case in some degree sustains the opinion in the case at bar on the insufficiency of a complaint made on information and belief to confer jurisdiction to make an arrest, which is not in this case, but is directly in point as to the waiver.

From these authorities, and from the corcumstances surrounding these proceedings, it appears to me that the defendant has waived any irregularities, if such existed in the affidavit filed, as a basis for the issuance of the order to show cause; that he submitted his per-

son to the jurisdiction of the court, and by such submission, even if the affidavit was defective, the court acquired jurisdiction; and that the statute, under circumstances like these, where the defendant had every opportunity offered him to question the regularity of the proceedings and the jurisdiction of the court at a time when the proceedings, if irregular, or originally wanting in jurisdiction, could have been amended or corrected, and, when he himself voluntarily furnished the evidence for his conviction, should not be strained to defeat justice, but rather that the ends of justice will be best served by taking him at his word. To hold that he could appear in court, and, if any evidence were lacking to establish his guilt, voluntarily furnish such evidence himself, and ask the court to pass sentence for the acts charged and confessed, and then allow him to escape punishment, not because of any defects in the substance of the charges or in the proof, but simply in the manner of statement, is to hold that the defendant may disregard the mandates of the law, the solemnity of the occasion and proceedings, and make a plaything of the court. He has had his day in which to demur to the information, to move to quash, and to submit a motion in arrest of judgment, some of which proceedings would have afforded him ample opportunity to take advantage in an orderly way of the alleged defects. He waived his rights under these regular and approved methods, led the court to act without putting him to the expense of counsel or witnesses, and the court took him at his word. He now comes to this court to seek the relief which the district court could have afforded, if he was entitled to it, in the first instance, had its attention been called to any defects.

It is always in order for a defendant to waive service of process, and submit himself to the jurisdiction of the court on either a civil or criminal charge, if the court has jurisdiction of the subject-matter. See State v. Fitzgerald, 51 Minn. 534, 53 N. W. 799, as a case directly in point, and cases there cited. The authorities cited, to the effect that by pleading guilty the defendant admits the truth of the facts well pleaded in the accusations against him, are sound in the cases to which they apply; but they have no application in this case. In the cited cases, no offense was charged, or the acts charged did not constitute an offense. In the case at bar no contention is made that the acts themselves are insufficiently stated, or that the facts stated do not constitute an offense. An order to show cause is only a notice that a motion will be made at a time and place stated, and giving the

party named an opportunity to be heard in his own behalf, and the defendant in this case, without compulsion or arrest, appeared on the return day, and had his day in court, and he ought not to be heard to complain, after the imposition of the sentence, that he imposed upon the court. To permit him to do so is to allow him to take advantage of his own wrongful act.

For these reasons, I am of the opinion that the judgment of the district court in imposing sentence upon the defendant for willful contempt of that court should be affirmed.

